DAUKSCH, Judge.
This is an appeal from a judgment in a contract dispute between a contractor and a subcontractor and materialman.
Astaldi was the contractor with the Orange County Expressway Authority to build a portion of a roadway. Astaldi subcontracted with American Asphalt to provide material and labor. At the completion of the job Astaldi did not pay American all it was due so American sued to get its due.
Sections 255.071(3)(4) and (5), Florida Statutes (1995) provide:
255.071 Payment of subcontractors, sub-subcontractors, materialmen, and suppliers on construction contracts for public projects.—
⅜ ⅝: ⅜: ⅝ * ⅝
(3) Any person providing labor, services, or materials for the construction of a public building, for the prosecution and completion of a public work, or for repairs upon a public braiding or public work improvements to real property may file a verified complaint alleging:
(a) The existence of a contract for providing such labor, services, or materials to improve real property.
(b) A description of the labor, services, or materials provided and alleging that the labor, services, or materials were provided in accordance with the contract.
(c) The amount of the contract price.
(d) The amount, if any, paid pursuant to the contract.
(e) The amount that remains unpaid pursuant to the contract and the amount thereof that is undisputed.
(f) That the undisputed amount has remained due and payable pursuant to the contract for more than 30 days after the date the labor or services were accepted or the materials were received.
(g) That the person against whom the complaint was filed has received payment on account of the labor, services, or materials described in the complaint more than 30 days prior to the date the complaint was filed.
(4) After service of the complaint, the court shall conduct an evidentiary hearing on the complaint, upon not less than 15 days’ written notice. The person providing labor, services, or materials is entitled to the following remedies to the extent of the undisputed amount due for labor or services performed or materials supplied, and upon proof of each allegation in the complaint:
(a) An accounting of the use of any such payment from the person who received such payment.
(b) A temporary injunction against the person who received the payment, subject to the bond requirements specified in the Florida Rules of Civil Procedure.
(c) Prejudgment attachment against the person who received the payment, in accordance with each of the requirements of chapter 76.
*611 <d) Such other legal or equitable remedies as may be appropriate in accordance with the requirements of the law.
(5) The remedies specified in subsection (4) must be granted without regard to any other remedy at law and without regard to whether or not irreparable damage has occurred or will occur.
The parties appeared before the trial court and these statutory provisions were invoked. Appellant conceded a portion of the alleged debt was owed and disputed the remainder.
The question on appeal, which appellant says is one of first impression, is whether the trial judge has the authority, at this summary hearing, to determine disputed amounts. We hold that a clear reading of the statute, in addition to due process considerations, impel a ruling that the trial court can only enter judgment on the undisputed amount. As to the disputed amounts the case must proceed as any other contract lawsuit, with discovery, other pretrial proceedings and trial. Only after trial on the disputed amounts may final judgment be fairly rendered as to those amounts.
REVERSED.
W. SHARP, and THOMPSON, JJ., concur.