FLETCHER, Judge.
Zurqui Construction Service, Inc. [Zur-qui] contracted with the City of Fort Lauderdale for the improvement of property known as Holiday Park Phase II. Zurqui then contracted with Fence Masters, Inc. for fence and gate materials and labor for the project. Through change orders the total sum agreed upon for Fence Masters’ labor and materials was $283,725.00. During the progression of Fence Masters’ work, Zurqui paid Fence Masters $117,744.05, but refused to pay the balance notwithstanding Zurqui’s admission that it had received from the City all the funds due for Fence Masters’ work on the project.
*1089 Fence Masters brought suit for payment of its contract balance. The suit ultimately included a count alleging that Zurqui violated section 255.071, Florida Statutes (2001). This section requires entities which received payment from public agencies (such as the city) for various public works projects, to pay the undisputed contract obligations for labor, services or materials provided by others — such as Fence Masters here. § 255.071(1), Fla. Stat. (2001). An entity’s failure to pay any of its undisputed obligations for labor, services or materials for the public works project entitles providers (such as Fence Masters) to file a verified complaint seeking the undisputed, unpaid portion of the contract amount with an early (on fifteen days notice) evidentiary hearing. § 255.071(2),(3) and (4).
After hearing, pursuant to section 255.071(4)(a), Zurqui was required by the trial court to prepare an accounting. The accounting reflected that the City paid Zurqui $283,725.00 for Fence Masters’ work while Zurqui paid only $117,744.05 to Fence Masters for that same work, leaving an apparent balance of $165,980.95 due Fence Masters from Zurqui. However, Zurqui has contested portions of the unpaid funds, as the accounting reflects:
“At this time, the total amount of damages, including but not limited to liquidated damages, claimed by Zurqui from Fence Masters is $63,000 and no other claims for additional work, liquidated damages, back charges, expenses, warranty work or damages, claims or sums due whatsoever are claimed by Zurqui pertaining to the work of Fence Masters.” [1]
[Ex.I, exhibits to appellant’s brief] Based on the accounting Fence Masters argues that there is no bona fide dispute as to there being $95,972.35 due Fence Masters, and pursuant to section 255.071(4), Florida Statutes (2001), Fence Masters is entitled to various immediate remedies for the rapid recovery of that amount. We agree.
As a consequence we reverse the trial court’s order denying Fence Masters’ motion for entry of final judgment as to Count V (relating to the section 255.071 claim) and remand with instructions to enter final judgment[2] for Fence Masters as to Count V in the principal amount of $95,972.55.
Reversed and remanded.

. After this conclusion, the accounting states that the City may make a $20,000 ± claim for "defective work.”

. The trial court can only enter judgment on the undisputed amount. As to the disputed amounts the case must proceed as any other contract lawsuit. See Astaldi Const. Corp. v. American Asphalt, Inc., 672 So.2d 609 (Fla. 5th DCA 1996).